IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02125-WYD-KMT

HEIDI BAUMERT,

    Plaintiff,

v.

SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation

    Defendant.

___

**STIPULATED PROTECTIVE ORDER**
___

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Plaintiff Heidi Baumert and Defendant Sunrise Senior Living Management, Inc. ("Sunrise") agree as follows:

WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests;

WHEREAS, certain materials have been or may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential, proprietary, or commercial information, as more fully discussed below;

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order regarding confidential discovery materials ("Stipulated Protective Order") as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. Any and all information, documents, or materials produced, including, without limitation, answers to interrogatories, responses to other discovery requests, and deposition transcripts (or applicable portions thereof), which have been marked, stamped, or otherwise identified by either party as "Confidential" shall be subject to the following restrictions of the Stipulated Protective Order. Such Confidential materials may include Sunrise's prices, budgets, marketing plans, sales rankings, census rankings, non-public financial information, and other information related to its sales of and marketing of its senior living facilities. The Confidential materials also may include Heidi Baumert's medical information.

2. When a party desires to identify information as "Confidential" and subject to this Protective Order, it must do so by placing a "Confidential" label on an applicable document, or otherwise explicitly refer to the document or information (including electronic information) as "Confidential" and subject to this Protective Order.

3. Before designating information as Confidential, a party's counsel must review the information and certify that the Confidential designation is based on the counsel's good faith

belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4. Except as otherwise provided, access to any Confidential materials shall be limited solely to the following persons:

(a) Counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) Heidi Baumert, Sunrise, and any officers, directors, agents, or employees of a party who have a need for such disclosure in order to conduct this litigation;

(c) any expert or consultant retained for the conduct of this litigation;

(d) any prospective or actual deponent or trial witness, other than those described in (b) and (c); and

(e) the Court and authorized Court personnel.

Before disclosing Confidential materials to any person in categories (c) and (d) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

5. Confidential materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in

Paragraph 4 above, nor shall such Confidential materials or their contents be publicized in any manner.

6. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose is designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

7. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as Confidential shall not constitute a waiver of the rights of a party subsequently to designate such materials as Confidential or otherwise to assert confidentiality with respect to any document, material, or information. Any information, document or material subsequently designated as Confidential shall be treated as if it had been so designated when first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date. If a party produces multiple copies of

information, documents, or materials, one identical or substantially similar copy of which has been designated as Confidential, all copies shall be treated as so designated.  Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

8. The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the party to whom the document has been produced shall return the materials or document promptly and not retain any copies, summaries or other abstracts.  The party to whom the privileged or protected materials were produced may file a motion to challenge the claim of privilege or protection and to compel production of the document or materials.

9. If any party intends to file or use at trial any materials designated as Confidential, that party shall take steps reasonably necessary to protect their confidentiality during such filing or usage.

10. This Stipulated Protective Order and the handling of Confidential materials may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order or for the reclassification of any materials produced in this litigation.

11. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation.  Upon settlement or final determination of this

litigation, Sunrise's Confidential materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials that were produced to Heidi Baumert and/or her counsel must either be (a) returned to Sunrise, or (b) maintained by her counsel in a secure location. Upon settlement or final determination of this litigation, Heidi Baumert's Confidential materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials that were produced to Sunrise and/or its counsel must either be (a) returned to Heidi Baumert, or (b) maintained by Sunrise's counsel in a secure location.

12. Nothing in this Stipulated Protective Order precludes a party from using any document or item it has designated as Confidential as such party sees fit.

By: *s/ Paul Maxon*
LAW OFFICE OF PAUL MAXON, P.C.
Paul Maxon, #037251
1406 Pearl Street, Suite 200
Boulder, Colorado 80302
Telephone: (303) 473-9999
**COUNSEL FOR PLAINTIFF**

By: *s/ Burkeley N. Riggs*
MOYE WHITE LLP
Burkeley N. Riggs, #29822
16 Market Square, 6th Floor
1400 16th Street
Denver, Colorado 80202
Telephone: (303) 292-2900

HUNTON & WILLIAMS LLP
Thomas P. Murphy
Jeffrey B. Hardie
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
**COUNSEL FOR DEFENDANT**

Dated this 17th day of March, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya